The Law Offices of Avrum J. Rosen, PLLC
*Attorneys for Debra Kramer, Chapter 7 Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7

DALIP SINGH,                                                    Case No.: 19-46777-ess

                             Debtor.
-----------------------------------------------------------x

## STIPULATION SETTLING THE ESTATE'S INTEREST IN
## PREMISES KNOWN AS 87-15 PITKIN AVENUE, OZONE PARK, NY

**WHEREAS,** on November 11, 2019 (the "Filing Date"), Dalip Singh (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York; and

**WHEREAS,** Debra Kramer was appointed the interim Chapter 7 Trustee (the "Trustee") of the Debtor's estate, and has since qualified as, and is, permanent Trustee in this matter; and

**WHEREAS**, according to the Automated City Register Information System ("ACRIS") maintained by New York City Department of Finance, Office of the City Register and the Debtor's Schedules, the Debtor owns a 100% fee simple interest in premises known as 87-15 Pitkin Avenue, Ozone Park, New York 11417, Borough of Queens, Block 11369, Lot 70 (the "Premises"); and

**WHEREAS,** the Debtor has claimed a homestead exemption in the Premises; and

**WHEREAS**, the Debtor's Schedule D lists a secured claim of NewRez with a total amount due and owing as of the Filing Date in the approximate amount of $459,897.00; and

**WHEREAS**, it appears that the Premises maintained equity above and beyond the homestead exemption asserted by the Debtor, and that a sale would benefit creditors of the estate; and

**WHEREAS**, by Order dated October 2, 2020 [ECF Doc. No. 27], the Trustee retained MYC & Associates, Inc., as real estate broker to the Trustee to market and sell the Premises; and

**WHEREAS,** in an effort to resolve a potential controversy without the need for additional Court intervention and without marketing and selling the Premises and incurring additional costs to the Estate in bringing motions to authorize the Trustee to sell and additionally to approve the sale, the Debtor and the Trustee have reached a consensual resolution of the issues; and

**WHEREAS**, the Debtor, through his counsel and the Trustee, in the exercise of her business judgment, through her counsel, have reached the following agreement, subject to Bankruptcy Court approval, whereby the Debtor will purchase the Estate's interest in the Premises for the total sum of $150,000.00.

**THEREFORE, IT IS NOW** stipulated and agreed by the undersigned that:

1. The Trustee agrees to sell to the Debtor the Estate's interest in and to the Premises for the sum of One Hundred Fifty Thousand Dollars ($150,000.00) (the "Settlement Sum") which shall be paid as a lump sum by the Debtor on or before May 3, 2021.

2. The Settlement Sum shall be made payable by certified or bank check to "Debra Kramer, Chapter 7 Trustee" and mailed to Debra Kramer, PLLC, 10 Pantigo Road, Suite 1, East Hampton, New York 11937.

3. The Trustee will submit this Stipulation to the Bankruptcy Court for approval through a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019

Motion") and shall request entry of an Order approving the 9019 Motion (the "Approval Order") by the Bankruptcy Court. In the event the Bankruptcy Court or any court with appellate jurisdiction over the Bankruptcy Court declines to approve this Stipulation, this Stipulation shall be null and void and the Trustee shall return the Settlement Sum to the Debtor and shall have the right to sell the Premises without interference by the Debtor.

4. The parties agree to be finally and absolutely bound by the terms of this Stipulation pending Bankruptcy Court approval. In the event that the Bankruptcy Court fails to approve this Stipulation, nothing contained in this Stipulation shall be deemed an admission of any party and shall be without prejudice to any and all remedies of each party.

5. Upon the Approval Order becoming a final order of the Court, the Parties agree to mutual releases as follows:

> (A) The Trustee shall be deemed to have released and forever discharged the Debtor (the "Debtor Released Party') from all actions, causes of action, suits, debts dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which the Trustee or the Debtor's estate ever had, now has or hereafter can, shall or may have against the Debtor Released Party for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Debtor's obligations set forth in this Stipulation, which obligations shall remain in force and effect; and
>
> (B) The Debtor shall be deemed to have released and forever discharged the

> Trustee and the Debtor's estate and each of their respective officers, directors, principals, employees, representatives, attorneys, agents, professional and assigns from all actions, causes of action, suits, debts, dues,سums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands, whatsoever, in law, admiralty or equity, which the Debtor ever had, now have or hereafter can, shall or may have against his bankruptcy estate, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation, provided, however, that this Stipulation shall not affect, waive, limit, modify or otherwise change in any manner the Trustee's obligations set forth in this Stipulation, or under any instrument or agreement executed and delivered pursuant to this Stipulation, which obligations shall remain in full force and effect.

6. The Debtor will not seek payment of any kind or nature from the Settlement Sum or the Debtor's bankruptcy estate.

7. Neither this Stipulation nor any of its terms may be modified, altered, amended or waived, except in writing signed by the party against whom the modification, alteration, amendment or waiver is to be enforced.

8. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and facsimile signatures herein shall be deemed to be original signatures.

9.  The parties hereto consent to the entry of the Stipulation as an order in this case.

|  |  |
|---|---|
| Dated: Huntington, New York<br>April 26, 2021 | Dated: Brooklyn, New York<br>April 23, 2021 |
| By:  */s/ Avrum J. Rosen*<br>     Avrum J. Rosen<br>     Law Offices of Avrum J. Rosen, PLLC<br>     Attorneys for the Trustee<br>     38 New Street<br>     Huntington, New York 11743<br>     (631) 423-8527<br>     arosen@ajrlawny.com | By:  /s/ Morris Fateha<br>     Morris Fateha, Esq.<br>     Attorney for the Debtor<br>     911 Avenue U<br>     Brooklyn, New York 11223<br>     (718) 627-4600<br>     morrisfateha@gmail.com |
|  | */s/ Dalip Singh*<br>Dalip Singh, Debtor |